UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**VINCENT TYREE**<br><br>              **Defendant.** | Criminal No. 25-MJ-195 |

**MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE AND
TO VACATE THE PRELIMINARY HEARING**

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure to dismiss the complaint against Vincent Tyree without prejudice and to vacate the preliminary hearing scheduled for Friday, September 12.

    Mr. Tyree was arrested on Saturday, August 30, 2025, charged by criminal complaint the following day with a misdemeanor violation of 18 U.S.C. § 111(a)(1) and subsequently released on conditions. The government has determined that it no longer plans to prosecute Mr. Tyree for the incident that gave rise to his arrest in this case, either in this Court or in D.C. Superior Court.

    Pursuant to Rule 48(a), the government may dismiss an indictment, information, or complaint with leave of the Court. Fed. R. Crim. P. 48(a); see also *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989). "[T]he Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). The principal object of the "leave of court" requirement has been understood to protect a defendant

against prosecutorial harassment when the government moves to dismiss charges over the defendant's objection. *Id.* (citing *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977)).

As a general matter, Rule 48(a) allows the court to reject the government's motion to dismiss without prejudice only in "exceptional" cases due to the "strong presumption in favor of a no prejudice dismissal." *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that course. A court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." (citations and quotation marks omitted)).

Here, after careful review of the evidence related to Mr. Tyree's arrest, the government has determined that the available evidence no longer supports continued prosecution. Accordingly, the government respectfully moves to dismiss the complaint without prejudice. This motion is made in good faith, is not intended to harass the defendant, and is consistent with the public interest.

In light of the government's motion, the preliminary hearing currently scheduled for Friday, September 12 at 12:30 pm is no longer necessary and should therefore be vacated.

                                                Respectfully submitted,

                                                JEANINE FERRIS PIRRO
                                                United States Attorney

By:    */s/ Christopher Tortorice*_____
        Christopher Tortorice
        Texas Bar No. 24048912
        Assistant United States Attorney
        National Security Section
        601 D Street, N.W.
        Washington, DC 20530
        (202) 252-7155
        christopher.tortorice@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this motion was filed on the ECF docket this 10th day of September 2025.

                                           */s/ Christopher Tortorice*
                                           Christopher Tortorice